IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gonzalo Tellez-Sanchez, | ) |
| Plaintiff, | ) CIV 13-02501 PHX NVW (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| United States of America, | ) |
| Defendant. | ) |

**TO THE HONORABLE NEIL V. WAKE:**

On December 6, 2013, Plaintiff Gonzalo Tellez-Sanchez, who is confined in the Giles W. Dalby Correctional Facility, filed a *pro se* Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Doc. 1) and an Application to Proceed In Forma Pauperis. In his Motion for Return of Property, Plaintiff seeks the return of his cell phone, which was seized when he was arrested. He claims his phone is not contraband and is not subject to forfeiture.

In an order entered February 5, 2014, the Court noted that, when a motion for return of property under Federal Rule of Criminal Procedure 41(g) is filed and no criminal proceedings are pending, the motion is properly treated as a civil complaint and is governed by the Federal Rules of Civil Procedure. See Doc. 9. In the order at Doc. 9 the Court ordered Defendant to

respond to the motion. Defendant filed a response in opposition to the motion on May 8, 2014. See Doc. 13. Plaintiff has not docketed a reply to the response to his motion.

Rule 41(g), Federal Rules of Civil Procedure, provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The government's duty to return seized property has repeatedly been emphasized by the courts.

> Prior decisions of this court have made clear that the party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials. "(T)he Government's right to seize and retain certain evidence for use at trial," we have said, "'does not in itself entitle the State to its retention' after trial,...." United States v. Farrell, 606 F.2d 1341, 1347 (D.C. Cir. 1979), quoting Warden v. Hayden, 387 U.S. 294, 307-08, 87 S.Ct. 1642, 1650 [] (1967).
>   Rather, as we have declared, "it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976). Lawful seizure of the property, of itself, may affect the timing of the return, but never the owner's right to eventual return. "(T)he district court, once its need for the property has terminated, has both the jurisdiction and the duty to return the...property...regardless and independently of the validity or

-2-

>  invalidity of the underlying search and seizure." <u>Wilson</u>, 540 F.2d at 1103-04.

<u>United States v. Hubbard</u>, 650 F.2d 293, 303 (D.C. Cir. 1980) (some internal citations omitted).

A Rule 41(g) movant who asserts a post-conviction claim for the return of seized property must first demonstrate that he has a possessory interest in the property. <u>See</u>, <u>e.g.</u>, <u>United States v. Howell</u>, 425 F.3d 971, 974 (11th Cir. 2005). The government bears the burden of establishing the movant is not entitled to relief. <u>See</u>, <u>e.g.</u>, <u>United States v. Chambers</u>, 192 F.3d 374, 376 (3d Cir. 1999). The government may rebut the movant's allegations with evidence that "'it has a legitimate reason to retain the property,'" that it does not possess the property, or that the property has been destroyed. <u>United States v. Potes Ramirez</u>, 260 F.3d 1310, 1314 (11th Cir. 2001), <u>quoting</u> <u>Chambers</u>, 192 F.3d at 377.

In response to the motion Defendant avers:

> In his motion, Plaintiff asserted that a cell phone was seized from him by officers from the United States Border Patrol (Doc. 1). Plaintiff further asserted that the seized cell phone was not contraband and therefore not subject to forfeiture. Plaintiff moves the Court for the return of his cell phone.
> ***
> Plaintiff was arrested by a United States Border Patrol agent shortly after midnight on April 8, 2013, as an undocumented alien being unlawfully present in the United States, and he was processed for prosecution at the United States Border Patrol station in Wellton, Arizona. (Ex. 1). On April 9, 2013, Plaintiff was charged by complaint with the offense of Re-entry of a Removed Alien in violation of Title 8, United States Code,

> Sections 1326(a) and (b)(1). The plaintiff pled guilty to the charge and he was sentenced to thirty (30) months imprisonment to thirty (30) months imprisonment on August 19, 2013. (Doc. 20 in CR-13-00623-SRB).
> ***
> When an undocumented alien is processed for prosecution by the United States Border Patrol, their personal property is received, documented, and stored. After an alien's personal property has been collected for storage, the alien verifies the contents of the storage bag and then initials the property receipt form. When the Plaintiff was arrested on April 8, 2013, his personal property was received, documented, and stored in one clear "plastic bag" by United States Border Patrol personnel in Wellton. (Ex. 2).
> A review of the property receipt form shows the initials G.T.S. (Gonzalo Tellez-Sanchez) in section 20, indicating that Plaintiff verified the contents of the clear plastic bag before it was placed into storage. The contents of the clear plastic bag were not itemized; therefore, it is possible a cell phone was contained within the bag.
> *On April 12, 2013, a representative from the Mexican Consulate's office in Yuma, Arizona, requested Plaintiff's property. (Ex. 3). It appears Plaintiff's property was turned over to the Mexican Consulate on April 16, 2013. (Ex. 3). Additionally, section 21 (Acceptance/Chain of Custody) of Plaintiff's property receipt form reflects that a representative from the Mexican Consulate's office signed for "alien property" on or about April 16, 2013. (Ex. 2). Based on the available documents, it appears the Plaintiff's personal property contained within the plastic bag, including any cell phone, was turned over to a representative of the Mexican Consulate's office on April 16, 2013.*
> On May 7, 2014, a Mexican Consulate representative sent an email in response to an inquiry regarding the whereabouts of Plaintiff's property. *In the email, consular representatives confirmed a cell phone and a battery were sent to a recipient designated by the Plaintiff. (Ex. 4).* Based on the above information, it is more likely than not that the Plaintiff's cell phone was turned over to officials from the Mexican Consulate's

-4-

>        office, and is no longer in the possession of
>        the United States Border Patrol.

Doc. 13 (emphasis added).

Defendant has provided some evidentiary proof accounting for the seized property. See <u>United States v. Cardona</u>, 897 F. Supp. 802, 804 (S.D.N.Y. 1995) (explaining that "the Government, in order to defeat a motion for the return of seized property, must provide some evidentiary proof accounting for the property seized"). Plaintiff has provided no reply to the assertion that, as a matter of fact, Defendant is no longer in possession of the phone. Because Defendant attests that the subject property is no longer in its possession, the Court is unable to order the return of the property and, to the extent the motion seeks an order requiring Defendant to provide the phone to Plaintiff, the motion is moot. Compare <u>Chambers</u>, 192 F.3d at 376-78 (noting that no evidence was offered or taken in that matter and that, in order to refute the movant's request for return of property, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue").[1]

The Court is also without power to compel the government to issue money damages with respect to the phone. See, e.g., <u>Ordonez v. United States</u>, 680 F.3d 1135 (9th Cir. 2012); <u>Diaz v. United States</u>, 517 F.3d 608, 611 (2d Cir. 2008)

---

[1] See also <u>United States. v. Bailey</u>, 407 Fed. App. 74, 75, 2011 WL 101731, at *1 (8th Cir.) (collecting cases).

(holding "[a] district court can order the return of property that is in the hands of the government" in equitable actions brought for the return of property after the conclusion of criminal proceedings, but that a district court does not have the authority to "order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return."(internal citations and quotation marks omitted)).

Accordingly,

**IT IS RECOMMENDED that** the complaint, a motion pursuant to Rule 41(g), Federal Rules of Criminal Procedure, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered

a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 12th day of June, 2014.

_____
Mark E. Aspey
United States Magistrate Judge